## No. 601.

### HONORE DEJEAN, Tutor, *v.* JACQUES ARNAUD.

Judgment was rendered in this case on the fifteenth of January, 1861, decreeing that the defendant deliver up a slave to be sold in satisfaction of the plaintiff's claim, $821, with interest, or in default thereof to pay the said sum and interest.

It is clear that there can be no recovery in this case, the plaintiff having set out by endeavoring to enforce a mortgage against a slave who has since become free. The parties called in warranty to make good the title to the slave are no longer bound.

APPEAL from the Fifteenth Judicial District Court, parish of St. Landry. *Martel,* J. *Dupré & Garland,* for plaintiff and appellee. *Swayze & Moore, Lewis & Porter, E. Mouton,* for defendant.

TALIAFERRO, J. In April, 1859, the plaintiff in his capacity of tutor to the minor children of Eugene Bercier, deceased, instituted suit against the defendant to enforce the tacit mortgage derived to the minors from their mother, against a certain slave named Valsin, then owned by and in possession of the defendant. The defendant answered by general denial averring that he purchased the slave at a sheriff's

sale made on the seventh of August, 1852, at the suit of one Joseph Gradenego against Eugene Bercier, father of the minors, herein represented by the plaintiff. He alleged that the pretended judgment of separation of property between the father and mother of the minors, (according to the latter a tacit mortgage), in virtue of which the plaintiff was proceeding against him, was collusive and fraudulent. He prayed that Gradenego, the seizing creditor, and Louis Lastrappe, administrator of the estate of Eugene Bercier, deceased, the seized debtor, be called in warranty ; and he subsequently called in Valery Meyer, alleging that he was bound in solido with Eugene Bercier in the judgment obtained against the latter by Gradenego.

The judgment rendered on the fifteenth of January, 1861, decreed that the defendant deliver up the slave to be sold in satisfaction of the plaintiff's claim ($821) with interest, or in default thereof, to pay the said sum and interest. Judgment was also rendered over in favor of the defendant against his warrantors, Valery Meyer, and Lastroppe, administrator of the estate of Eugene Bercier. From this judgment Valery Meyer alone appealed. It is clear there can be no recovery in this case. The plaintiff set out by endeavoring to enforce a mortgage against a slave who has since become free. The parties called in warranty to make good the title to the slave are no longer bound.

It is therefore ordered that the judgment of the District Court be annulled, avoided and reversed. It is further ordered that this suit be dismissed at plaintiff's costs.